IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERALD EDWARDS, :
    Plaintiff, :
 :
v. : CIVIL ACTION NO. 19-CV-1897
 :
SANDRA MORGAN, :
    Defendant. :

## MEMORANDUM

PRATTER, J.                                                                           JUNE 5, 2019

Plaintiff Gerald Edwards filed this civil action against Sandra Morgan, who is identified as a Middletown Township Code Enforcement Officer. Mr. Edwards seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis* and dismiss his Complaint with leave to amend.

## I.     FACTS

Mr. Edwards's claims stem from a citation for code violations after local officers visited his property and officers' visits to the property thereafter. He alleges that he was issued citations and prosecuted for violations that he had "nothing to do [with]" as he contends the Court can "see in the case file [he] sent," which is presumably a reference to the exhibits attached to his Complaint. (Compl. at 3.)[1]

The Complaint and public dockets reflect that Mr. Edwards received a citation on March 15, 2018, for "maintaining premises against vector conditions" in violation of a local ordinance, of which he was found guilty after a hearing and required to pay a fine. (*Id.* at 6 and 16); *see also Commonwealth v. Wild River Enterprises C/O Mr. Gerald Edwards*, Docket No. MJ-

---

[1] The Court adopts the pagination assigned to the Complaint by the CM-ECF system.

071070NT-0000069-2018. Karen Rice-Smith is listed on the docket as the arresting officer. Mr. Edwards filed a summary appeal after he was found guilty. *Commonwealth v. Wild River Enterprises C/O Mr. Gerald Edwards*, Docket No. CP-09-SA-0000301-2018 (Bucks Cty. Ct. of Common Pleas).

According to the June 29, 2018 trial transcript from the summary appeal, which Mr. Edwards attached as an exhibit to his Complaint, Mr. Edwards violated local rules and regulations having to do with the accumulation of garbage, trash, decaying matter, and creating circumstances for the proliferation of flies, mosquitoes and other vectors. (Compl. at 49-50.) Ms. Rice-Smith, who works for the Bucks County Department of Health, testified that Ms. Morgan brought the violations on Mr. Edwards's property to her attention. (*Id.* at 53-55.) She also testified that she visited Mr. Edwards's property in September of 2017 and issued a notice to remediate the condition of his property within 90 days. When she returned to the property in March of 2018, the property apparently was in worse condition, so she issued the citation in question.

The judge presiding over Mr. Edwards's trial found him guilty and imposed a fine upon him but stated that he would consider abating the fine if the Bucks County Department of Health notified the court within two weeks that the conditions on the property were cured.[2] (*Id.* at 85.) Ms. Rice-Smith testified that she visited the Edwards property again on June 28, 2018 but did not enter it because Mr. Edwards had erected a gate at the driveway of his property. Thus, she was unable to observe whether the conditions in question had been remediated. (*Id.* at 66-67.)

---

[2] Mr. Edwards appealed to the Pennsylvania Superior Court, which forwarded the case to the Commonwealth Court. Mr. Edwards's appeal was ultimately dismissed.

In the instant Complaint, Mr. Edwards appears to claim that the state courts adjudicating the citation lacked jurisdiction and therefore violated his right to due process. He also alleges that Ms. Morgan, along with other officers, "came on to property to inspect and look [inside] of the house and out building [but] never showed a warrant." (Compl. at 6.) Mr. Edwards also alleges that Ms. Morgan threatened "that she is going to get [him]" and acted with malice toward him. (*Id.* at 8.)

Mr. Edwards's allegations against Ms. Morgan appear to relate to events that took place on July 12, 2018 and October 22, 2018, when she visited the Edwards property after his trial, presumably to determine whether he had remedied the problematic conditions. (*Id.* at 9-10.) Mr. Edwards claims that on July 12, 2018, Ms. Morgan and police officers tried to stop him from closing a gate that apparently leads to his property and pushed the gate open while Mr. Edwards was trying to close it. Mr. Edwards, who suffers from emphysema, alleges that the gate hit him in the chest and knocked the breath out of him. He alleges that Ms. Morgan and the other officers entered the property, the patio, and the house, looked around, and then left. (*Id.* at 10.)

Mr. Edwards also alleges that on October 22, 2018, Ms. Morgan and other officers were looking in his mailbox at the end of his driveway and going through his mail. (*Id.* at 9.) They also allegedly waved and yelled at Mr. Edwards when they saw him go by, jumped out of their cars, and tried to stop him. Mr. Edwards alleges that he found a piece of mail on the ground the next day.

Mr. Edwards attached to his Complaint several exhibits which are copies of dockets reflecting citations and fines he received throughout the years, including but not limited to the citation discussed above. The Complaint also discusses the conduct of other officers who are not named as defendants in this case. However, the Complaint names Ms. Morgan as the only

3

defendant and alleges that the events underlying Mr. Edwards's claims took place in 2018.³ (Compl. at 3.) Accordingly, the Court does not understand Mr. Edwards to be raising claims against other defendants or based on events concerning prior citations attached to the Complaint, especially given the absence of factual allegations in the Complaint related to those incidents. The Court will construe the Complaint as raising claims against Ms. Morgan based on the events of July 12, 2018 and October 22, 2018, and claims based on the citation and related proceedings in state court.

## II. STANDARD OF REVIEW

The Court grants Mr. Edwards leave to proceed *in forma pauperis* because it appears that he is not capable of paying the fees to commence this civil action. Accordingly, Mr. Edwards's Complaint is subject to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), which require the Court to dismiss the Complaint if it frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995). To survive dismissal, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory

---

³ Mr. Edwards previously filed two lawsuits in this Court that relate to the same events underlying the instant case. *See Edwards v. Morgan*, Civ. A. No. 18-4776; *Edwards v. McDermott*, Civ. A. No. 18-4777. In a Memorandum and Order addressing both prior cases, the Court dismissed Mr. Edwards's Complaints for failure to comply with Federal Rule of Civil Procedure 8 and for failure to state a claim. The Court also noted that some of Mr. Edwards's claims appeared to be time-barred. Mr. Edwards was given an opportunity to amend and an extension of time to do so. When he failed to return with an amended complaint, the Court dismissed both cases, without prejudice, for failure to prosecute.

4

statements[] do not suffice." *Id.* Because Mr. Edwards is proceeding *pro se*, the Court construes his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III. DISCUSSION

### A. Claims Involving the Citation and Related State Court Proceedings

There is a principle in § 1983 jurisprudence that "to recover damages [or other relief] for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus[.]" *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (footnote and citation omitted); *see also Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). This Court, as well as many others, have extended that principle to constitutional challenges to convictions under local ordinances, even when the ordinances are technically civil in character. *See Thomas v. Bushkill Twp.*, Civ. A. No. 11-7578, 2014 WL 958799, at *4 (E.D. Pa. Mar. 12, 2014) (concluding that *Heck* barred plaintiff's claims "that he was denied due process when he was criminally prosecuted in 2012 for violating the Bushkill Township noise ordinance"); *Shahid v. Borough of Eddystone*, Civ. A. No. 11-2501, 2012 WL 1858954, at *4 (E.D. Pa. May 22, 2012) ("Regardless of whether the offense is technically classified as civil or criminal, a § 1983 judgment undermining the validity of the conviction would imply that the state's criminal process produced an erroneous outcome.") (collecting cases). Accordingly, given that the public record shows that Mr. Edwards has not yet been successful in challenging his finding of guilt, he may not challenge his convictions under the ordinance in a § 1983 action.

5

In any event, there is no plausible basis for holding Ms. Morgan responsible for any flaws in the state courts process leading to Mr. Edwards's convictions. Mr. Edwards contends that the state courts lacked subject matter jurisdiction, but it is not clear how Ms. Morgan, a code enforcement officer, could be held responsible for the state courts' handling of proceedings related to the citations Ms. Rice-Smith issued to Mr. Edwards.

### B. Claims Related to July and October 2018 Visits to Mr. Edwards's Property

The Court understands Mr. Edwards to be pursuing Fourth Amendment claims against Ms. Morgan for entering his property without a warrant on July 12, 2018 and searching through his mailbox on October 22, 2018. Mr. Edwards will be permitted to proceed on those claims at this time. Their future will depend upon further developments.

## IV. CONCLUSION

For the foregoing reasons, the Court will grant Mr. Edwards leave to proceed *in forma pauperis*, dismiss claims challenging his state-court proceedings, and permit him to proceed on his Fourth Amendment claims against Ms. Morgan related to her visits to his property on July 12, 2018 and October 22, 2018. An appropriate order follows.

BY THE COURT:

_____
GENE E.K. PRATTER, J.